UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| STEVEN BOTELLO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:20-cv-01104 (RDA/IDD) |
| | ) |
| ANDREW M. SAUL, Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on the Parties' cross-motions for summary judgment. (Dkt. Nos. 18, 22). Pursuant to 42 U.S.C. § 405(g), Steven M. Botello ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Defendant") denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. § 423. For the reasons stated below, the undersigned recommends that Plaintiff's Motion for Summary Judgment be **DENIED** and that Defendant's Motion for Summary Judgment be **GRANTED**.

**I.   PROCEDURAL BACKGROUND**

Plaintiff filed an application for DIB on March 15, 2018, alleging disability commencing August 31, 2012, due to chronic bronchitis, an ACL tear in the left knee, and degenerative joint disease of the left knee. Administrative Record ("R.") at 148-149, 166-173. Plaintiff's initial claim was denied on July 24, 2018, and again upon reconsideration on August 7, 2018. *Id.* at 77-81, 83-89. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on August 27, 2018.

1

*Id.* 90-91. A hearing before ALJ Richard Furcolo was held on September 26, 2019. *Id.* at 34-56.

On October 21, 2019, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Act. R. at 7-17. On July 27, 2020, the Appeals Council for the Office of Disability and Adjudication ("Appeals Council") denied Plaintiff's request for review of the ALJ's decision, rendering the ALJ's decision the final decision of the Commissioner for purposes of review under 42 U.S.C. § 405(g). R. at 1-5. Having exhausted his administrative remedies, Plaintiff filed the instant suit challenging the ALJ's decision on September 22, 2020. Dkt. No. 1. The parties filed cross-motions for summary judgment, and this matter is ripe for disposition.

## II.     STANDARD OF REVIEW

In reviewing the Commissioner's decision to deny benefits, this Court is limited to determining whether the decision was supported by substantial evidence in the record and whether the correct legal standard was applied in evaluating the evidence. 42 U.S.C. § 405(g); *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is more than a mere scintilla but less than a preponderance of the evidence. *Craig*, 76 F.3d at 589. An ALJ is required to analyze all relevant evidence and sufficiently explain his or her findings. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997). In reviewing the record for substantial evidence, the court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589). If the ALJ's determination is not supported by substantial evidence in the record,

or if the ALJ has made an error of law, the district court must reverse the decision. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). The Commissioner's factual findings, if supported by substantial evidence, are conclusive and must be affirmed. *Perales*, 402 U.S. at 390.

The Fourth Circuit applies a harmless error analysis in the context of social security disability determinations. *See Mascio v. Colvin*, 780 F.3d 632, 639 (4th Cir.2015); *Hammond v. Colvin*, No. 1:12-CV-01177, 2013 WL 5972432, at *6 (E.D. Va. Nov. 8, 2013). The harmless error doctrine prevents a remand when the ALJ's decision is "overwhelmingly supported by the record though the agency's original opinion failed to marshal that support" and a remand would be "a waste of time." *Williams v. Berryhill*, No. 1:17-CV-167, 2018 WL 851259, at *8 (E.D. Va. Jan. 18, 2018) (citing *Bishop v. Comm'r of Soc. Sec.*, 583 Fed. Appx. 65, 67 (4th Cir. 2014) (per curiam)). An ALJ's error may be deemed harmless when a court can conclude on the basis of the ALJ's entire opinion that the error did not substantively prejudice the claimant. *See Lee v. Colvin*, No. 2:16-CV-61, 2016 WL 7404722, at *8 (E.D. Va. Nov. 29, 2016). When reviewing a decision for harmless error, a court must look at "[a]n estimation of the likelihood that the result would have been different." *See Morton-Thompson v. Colvin*, No. 3:14-CV-179, 2015 WL 5561210, at *7 (E.D. Va. Aug. 19, 2015) (citing *Shineski v. Sanders*, 556 U.S. 396, 411–12 (2009)).

### III.   DETERMINING DISABILITY AND THE ALJ'S DECISION

#### A.   Determining Disability and the Sequential Analysis

The Social Security Regulations define "disability" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period

of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a). To meet this definition, the claimant must have a severe impairment or impairments that make it impossible to do past relevant work or any other substantial gainful activity that exists in the national economy. *Id.*; *see Heckler v. Campbell*, 461 U.S. 458, 460 (1983). The ALJ is required to employ a five-step sequential evaluation in every Social Security disability claim analysis to determine the claimant's eligibility. Specifically, the ALJ must consider whether the claimant: (1) is engaged in substantial gainful activity;[1] (2) has a severe impairment; (3) has an impairment that equals a condition contained within the Social Security Administration's official Listing of Impairments; (4) has an impairment that prevents past relevant work;[2] and (5) has an impairment that prevents her from any substantial gainful employment. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). After step three of the analysis, but before deciding whether a claimant can perform past relevant work at step four, the ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 416.920(e)–(f), 416.945(a)(1). *Morris v. Berryhill*, No. 3:16-CV-587, 2017 WL 4112365, at *6 (E.D. Va. Aug. 30, 2017), *report and recommendation adopted*, 2017 WL 4108939 (E.D. Va. Sept. 15, 2017).

### B. The ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of August 21, 2012. R. at 12. At step two of the sequential evaluation, the ALJ found that Plaintiff had various severe and non-severe medically determinable impairments. *Id.* at 12-13. The ALJ found dysfunction of major joints and

---

[1] Substantial gainful activity ("SGA") is work that is both substantial and gainful as defined by the Agency in the Code of Federal Regulations. Substantial work activity "involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before." 20 C.F.R. § 404.1572(a). Gainful work activity is work activity done for "pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572(b). Taking care of oneself, performing household tasks, hobbies, therapy, school attendance, and the like are not generally considered substantial gainful activities. 20 C.F.R. § 404.1572(c).
[2] Past relevant work is defined as substantial gainful activity in the past fifteen years that lasted long enough for an individual to learn the basic job functions involved. 20 C.F.R. §§ 404.1560(b), 404.1565(a).

spine disorders. *Id*. Among Plaintiff's other impairments, the ALJ found Plaintiff's headaches, hypertension, sleep apnea, asthma, diabetes, and cataracts to be non-severe. *Id*.

At step three of the sequential evaluation, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. at 23-24. In between steps three and four of the sequential evaluation, the ALJ found that Plaintiff had the RFC to perform the full range of medium work as defined in 20 C.F.R. § 404.1567(c). *Id*. at 14. At step four of the sequential evaluation, the ALJ found that Plaintiff is capable of performing past relevant work as a manager in professional equipment and sales and services and as a project director. *Id*. at 16. Based on the above, the ALJ concluded that Plaintiff was not under a disability as defined by the Social Security Act, from August 31, 2012, through December 31, 2014, the date last insured. *Id*. at 17.

## IV. **ANALYSIS**

### A. Cross-Motions for Summary Judgment

Plaintiff raises the following issues in this action: (1) that the ALJ erroneously assessed the Plaintiff's RFC by failing to conduct a function-by-function evaluation and by failing to explain how he determined that Plaintiff could perform the full range of medium exertion work; and (2) that the ALJ erroneously evaluated Plaintiff's subjective complaints by applying an improper standard. Pl.'s Br. at 3-12. Since Defendant's brief in support of summary judgment focuses on disputing the arguments propounded by Plaintiff, the undersigned will address each of Plaintiff's objections to the ALJ's decision in turn.

1. **Plaintiff's Exertional Level**

Plaintiff alleges that similar to the ALJ in *Mascio*, the ALJ here improperly determined Plaintiff's RFC regarding his exertional level, by failing to assess work related abilities on a function-by-function basis. Pl.'s Br. at 3. Further, Plaintiff argues that the ALJ failed to establish through narrative discussion how the evidence supported each conclusion. *Id*. at 7. Missing from the ALJ's analysis were findings regarding Plaintiff's ability to sit, stand, walk, lift and carry objects, climb ramps and stairs, balance, stoop, kneel, crouch, crawl, or climb ladders, ropes or scaffolds. *Id*. Defendant argues that the ALJ exhaustively covered information in the record, including medical evidence that documented a history of conservative care and did not contain any functional limitations from Plaintiff's treating physicians. Def.'s Br. at 16. For the reasons stated below, the undersigned finds that the ALJ properly determined Plaintiff's exertional level.

**Applicable Law**

The Fourth Circuit has declined to adopt a *per se* rule requiring courts to remand whenever an ALJ fails to conduct a function-by-function analysis. *See Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016); *Mascio,* 780 F.3d at 636. Instead, the Fourth Circuit holds the position that "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio*, 780 F.3d at 636 (citing *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (*per curiam*)). *See also Monroe*, 826 F.3d at 188. The Fourth Circuit has found harmful error where an ALJ's decision precludes meaningful review. *Mascio*, 780 F.3d at 636–37. The *Mascio* standard is satisfied if the ALJ (1) fashions an appropriately limited RFC or (2) performs a function-by-function analysis that explains, either explicitly or implicitly, why additional limitations are not necessary. *Oldham v. Berryhill*, No. 2:16-CV-

659(DEM), 2018 WL 773442, at *8 (E.D. Va. Jan. 17, 2018).

An ALJ's RFC determination, as with all other steps in determining a plaintiff's disability status in social security matters, is subject to the "substantial evidence" standard of review, which is explained above. "A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Monroe*, 826 F.3d at 189 (citing *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)). The ALJ must identify evidence that supports his or her conclusion and "build an accurate and logical bridge from [that] evidence to his conclusion." *Woods*, 888 F.3d at 694 (citing *Monroe*, 826 F.3d at 189).

In assessing a plaintiff's RFC, an ALJ "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (citing *Mascio*, 780 F.3d at 636). *See also Arthur v. Berryhill*, No. 3:17-CV-285(HEH), 2018 WL 3233362, at *11 (E.D. Va. June 12, 2018), *report and recommendation adopted*, 2018 WL 3232777 (E.D. Va. July 2, 2018); *Baker v. Colvin*, No. 3:15-CV-00637(HEH), 2016 WL 3581859, at *3 (E.D. Va. June 7, 2016). An ALJ's narrative discussion must explain how the evidence demonstrates the plaintiff could perform at the exertion level designated by the ALJ. *Woods*, 888 F.3d at 694. Generally, the ALJ must also ascribe more weight to treating physicians than to physicians who have only occasionally treated a claimant. 20 C.F.R. § 416.927(a)(2), (c)(2); *Lewis v. Berryhill*, 858 F.3d 858, 867 (4th Cir. 2017); *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 261 (4th Cir. 2017).

**Analysis**

The ALJ failed to provide a function-by-function assessment of how Plaintiff's limitations impacts his ability to work. R. at 12. After determining Plaintiff's left knee degenerative joint disease and spine disorder to be severe, the ALJ failed to explicitly assess the impact of those impairments on Plaintiff's ability to sit, stand, walk, lift and carry objects, climb ramps and stairs, balance, stoop, kneel, crouch, crawl, or climb ladders, ropes or scaffolds. The ALJ determined that Plaintiff's spine disorder was severe enough to support limitations on Plaintiff's work, stating only that "Claimant's spine disorder is adequately accommodated by the limitation to medium exertion work." R. at 16.

The omission of the function-by-function analysis in this instance, does not warrant remand under *Mascio*. See also *Ashby v. Colvin*, 2015 WL 1481625, at *3 (S.D.W. Va. Mar. 31, 2015)(Absence of an explicit function-by-function analysis alone is not enough to require remand.) First, unlike in *Mascio*, the ALJ did not ignore conflicting evidence while assessing that Plaintiff had the capacity to perform medium exertional work. Second, his reasoning is adequately explained to allow for meaningful review; that is, it's clear from the narrative discussion how the ALJ arrived at his decision.

In that regard, the ALJ provided a narration of how the medical evidence supports his conclusion. The ALJ acknowledged, among other complaints, that Plaintiff's "overwhelming" back pain made it difficult for him to sit and stand and that he would lose coordination in his legs, resulting in frequent falls. R. at 15. The ALJ noted that Plaintiff, who had his anterior cruciate ligament ("ACL") reconstructed in the mid-1980s and has undergone multiple subsequent arthroscopic evaluations and surgeries, suffered from degenerative joint disease. Id, R. at 368. He observed Plaintiff's long, documented history of chronic lower back pain. R. at 15. The ALJ evaluated the

record as a whole and concluded that the evidence did not support the severity of symptoms alleged, but did support a finding that the claimant could perform a full range of medium exertion work. R. at 16.

The medical records from before the last date of insured, December 31, 2014, showed that none of Plaintiff's treating physicians found that he suffered from any functional or work-preclusive limitations, and they prescribed a minimal, conservative course of treatment for his back and joint problems. R. at 61, 69. Regarding Plaintiff's knee, the ALJ's decision observed, x-rays of the left knee taken on July 26, 2013 revealed degenerative change of the lateral tibiofemoral compartment with joint space narrowing and osteophyte formation, femoral and tibial tunnels consistent with prior anterior cruciate ligament repair and minimal patellar spurring. R. at 425. At an orthopedic examination on August 29, 2013, Plaintiff presented with a left-sided limp when he walked, abnormal left knee range of motion, and minimal effusion. R. at 371. Although Plaintiff experienced no notable relief from taking a prescribed anti-inflammatory drug, receiving corticosteroid injections, and using an ACL brace, the Lachman test used to evaluate patients with a suspected ACL injury was negative and the neurovascular status of the left foot was intact. *Id.* at 368, 371. The ALJ noted that physicians recommend continued conservative management, screw supplementation and an orthopedic clinic consult. R. at 16.

As for Plaintiff's back pain, a May 2, 2013 CT of the abdomen and pelvis showed degenerative changes to the lumbar spine, chronic L5 pars defects with grade 1 spondylolisthesis of L5-S1 and mild degenerative changes of the sacroiliac joints and bilateral hips. R. at 375-76. On June 11, 2013, Plaintiff was fitted for a warm and form spinal support brace to treat his back pain. R. at 372. The x-rays taken on April 1, 2014 to evaluate Plaintiff's back pain revealed mild degenerative changes with disc disease and narrowing of the L5-S1 disc space, approximately 8

mm anterior listhesis of L5 with par defects at L5. *Id.* at 422. Follow-up x-ray imaging on July 31, 2015 showed 11 mm anterior listhesis of L5, suggesting pars defects at L5. *Id.* at 420. The ALJ noted that doctors recommended Plaintiff be scheduled for chiropractic care for his pain "on an as- needed basis," for episodic flare-ups that did not respond to self-care measures. *Id.* at 15.

In addition to considering Plaintiff's testimony and thoroughly evaluating medical records, the ALJ noted that the opinions of the State Agency physicians who evaluated Plaintiff's claim were "greatly persuasive" as they represent a thorough and comprehensive assessment of the evidence and their opinions were consistent with and supported by the record. *Id.* at 16. Both physicians wrote that there was insufficient evidence to assess the severity of Plaintiff's impairments. R. at 61, 70. The ALJ wrote that the RFC is supported by the limited medical evidence. R. at 16. It's clear from the narrative that the RFC did not identify functional limitations impacting Plaintiff's work-related abilities because the record as a whole, including medical evidence, did not identify any functional limitations. See *Mollett v. Colvin*, 2015 WL 1481842, at *3 (S.D.W. Va. Mar. 31, 2015)(holding that the ALJ "embark[ed] upon a lengthy and thoughtful analysis supporting his function findings, with reference to both the evidence adduced at the administrative hearing and the opinions of various medical and psychological experts, explaining whom he credits and why. … While it might be argued that he did not parse and compartmentalize the functional limitation discussion, a reviewer can readily ascertain the ALJ's thinking as it is evident in his discussion of the claimant's testimony and the other evidence of record. Under these circumstances, nothing more is required."). Furthermore, with his limited medical record, Plaintiff failed to prove he had significant impairments that affected his ability to work. Thus, the undersigned Magistrate Judge finds that the ALJ's decision is supported by substantial objective medical evidence that the claimant was not limited in his abilities to perform his past relevant work

as a manager.

### 2. Evaluation of Plaintiff's Subjective Complaints

Plaintiff's second argument is that the ALJ erroneously evaluated Plaintiff's subjective complaints. He contends that the ALJ erred by applying an improper standard by requiring Plaintiff to prove the type and degree of his subjective complaints by objective medical evidence. Pl.'s Br. at 12. Defendant argues the ALJ considered all of the record evidence, including objective medical evidence, to determine that Plaintiff was not disabled.

### Applicable Law

The Fourth Circuit held that "subjective claims of pain must be supported by objective medical evidence showing the existence of a medical impairment which could reasonably be expected to produce the actual pain, in the amount and degree, alleged by the claimant." *Craig,* 76 F.3d at 591. Although an ALJ's "failure to cite specific evidence does not establish that the ALJ failed to consider it," *Phillips v. Barnhart*, 91 Fed. App'x 775, 780 n.7 (3d Cir. 2004), an ALJ must discuss all *relevant* evidence because failure to do so is harmful error. *See Morton-Thompson*, 2015 WL 5561210 at *7; *James*, 2014 WL 4630598 at *17. When analyzing a claimant's subjective complaints, an ALJ must follow a two-step analysis. *See Lewis*, 858 F.3d at 865-66. The ALJ must (1) "look[] for objective medical evidence showing a condition that could reasonably produce the alleged symptoms" and (2) "evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's ability to perform basic work activities." *Id.* at 866. An ALJ may not evaluate or reject a claimant's subjective complaints solely on the basis of objective medical evidence or the lack thereof, but may consider such evidence as one of multiple factors. *Arakas v. Commissioner*, 983

F.3d 83, 97 (4th Cir. 2020). This evaluation must consider not only the claimant's statements, but also "all the available evidence," including the claimant's medical history and findings. *Craig*, 76 F.3d at 595.

**Analysis**

The undersigned Magistrate Judge finds that the ALJ properly evaluated Plaintiff's subjective complaints. Plaintiff alleges that at step two of the ALJ's analysis of Plaintiff's subjective complaints, the ALJ disregarded those statements by noting that claimant's "statements concerning the intensity, persistence and limiting effects of these systems are not entirely consistent with the medical evidence and other evidence…" R. at 15. With this statement, Plaintiff contends, the ALJ erroneously required Plaintiff "to prove the type and degree of his subjective complaints by objective medical evidence" in contradiction with Fourth Circuit case law. Pl.'s Br. at 12. See *Arakas*, 983 F.3d at 96 (Holding that because claimant was entitled to rely exclusively on subjective evidence to prove the severity of her symptoms, the ALJ applied an incorrect legal standard in discrediting her complaints based on the lack of objective evidence corroborating them and improperly increased her burden of proof by effectively requiring her subjective descriptions of her symptoms to be supported by objective medical evidence)(internal quotations removed).

The ALJ was required to assess Plaintiff's subjective complaints using all of the evidence in the record, and he did. *Craig* at 595. The ALJ acknowledged Plaintiff's testimony regarding his overwhelming pain. R. at 15. But he also considered the entire record, including medical records that showed Plaintiff suffered from mild degenerative disc disease in his lumbar spine. With regard to his degenerative joint disease of the left knee, Plaintiff walked with a limp and had abnormal range of motion, but his Lachman test was negative and the neurovascular status of the left foot was intact. *Id.* at 16. The ALJ also considered the effectiveness of Plaintiff's treatment and the fact

that Plaintiff required only minimal, conservative care. This includes chiropractic care for his back pain on an as-needed basis for episodic flare-ups and continued conservative management as well as an orthopedic clinic consultation for his knee. The ALJ was not required to accept Plaintiff's subjective complaints as the sole evidence regarding his ability to work and disability. In the Fourth Circuit, "pain is not disabling *per se*, and subjective evidence of pain cannot take precedence over objective medical evidence or the lack thereof." *Craig* at 592. Based on the entire record, the ALJ did not find Plaintiff's subjective complaints to affect his ability to work and thus did not find him to be disabled. *Arakas* at 95.

Plaintiff's argument that the ALJ required Plaintiff to provide objective medical evidence of pain is unpersuasive. Unlike in other cases where the ALJ applied that incorrect legal standard, here the ALJ did not look to the medical evidence for specific indicators, such as swollen joints, that would confirm or undermine claimant's subjective statements about pain. See *Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006). The ALJ did not repeatedly highlight ways in which Plaintiff's statements were inconsistent with medical evidence, suggesting that lack of medical evidence was his chief or definitive reason for assessing Plaintiff not disabled. *Arakas* at 97.

This Court's role is not to weigh the conflicting evidence or substitute its judgment for that of the ALJ. Based on a thorough review of the record and the ALJ's decision, the undersigned finds that the ALJ did not err in failing to conduct a function-by-function analysis because the ALJ set forth a narrative discussion that properly cited medical evidence to support his conclusion that Plaintiff could perform his past work. The ALJ properly evaluated all relevant evidence and did not err in evaluating Plaintiff's subjective complaints. The undersigned finds that the ALJ's decision is supported by substantial evidence in the record. Thus, the undersigned recommends that summary judgment be granted in favor of Defendant.

## V.  RECOMMENDATION

For the reasons set forth above, the undersigned Magistrate Judge recommends that Plaintiff's Motion for Summary Judgment [Dkt. No. 18] be DENIED and Defendant's Motion for Summary Judgment [Dkt. No. 22] be GRANTED.

## VI.  NOTICE

By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record.

September 23, 2021  
Alexandria, Virginia

/s/ Ivan D. Davis  
Ivan D. Davis  
United States Magistrate Judge