IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| STEVEN BOTELLO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:20-cv-1104 (RDA/IDD) |
| KILOLO KIJAKAZI, *Acting Commissioner* of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER

This matter comes before the Court upon the Report and Recommendation ("Recommendation") issued by Magistrate Judge Ivan D. Davis on September 23, 2021. Dkt. 25. In this Social Security Administration appeal, Judge Davis recommends that the Court deny Plaintiff Steven Botello's Motion for Summary Judgment (Dkt. 18), grant Defendant's Motion for Summary Judgment (Dkt. 22), dismiss this matter, and direct the Clerk of the Court to enter final judgment for Defendant under Federal Rule of Civil Procedure 58. Pursuant to Federal Rule of Civil Procedure 72(b)(2), the deadline for submitting objections to Judge Davis's Recommendation was fourteen days after the Recommendation was entered. On October 7, 2021, Plaintiff timely filed an objection to the Recommendation.

Plaintiff makes a single objection to the Recommendation, arguing that the Administrative Law Judge failed to perform a proper function-by-function assessment of Plaintiff's ability to perform work-related activities and erroneously evaluated the Plaintiff's subjective complaints. *See generally* Dkt. 26. Specifically, Plaintiff argues that Judge Davis erred in finding that the Administrative Law Judge's ("ALJ") summary of the medical evidence was sufficient to allow meaningful review. *Id.* at 5. Plaintiff also asserts that the ALJ's failure to

identify the requirements of medium work means that the Magistrate Judge's Recommendation should not be adopted. *Id.* at 6.

Plaintiff's objection is not properly before this Court because the objection amounts to mere restatement of the arguments that have already been made before the Magistrate Judge. "A mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Comm'r of Soc. Sec.*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) (internal citations omitted). Judge Davis has already considered, and rejected, Plaintiff's arguments that the ALJ's assessment of Plaintiff's residual function capacity is insufficient to support meaningful judicial review. *See* Dkt. 25. Therefore, this Court OVERRULES Plaintiff's objection (Dkt. 26).

Plaintiff's objection fails on the merits as well. In the Magistrate Judge's detailed Recommendation, Judge Davis weighed Plaintiff's arguments and ultimately concluded that the residual function capacity analysis was supported by substantial evidence in the record. Although the ALJ did not provide a function-by-function analysis, Judge Davis concluded that remand was not warranted for two reasons. First, "Fourth Circuit has declined to adopt a per se rule requiring courts to remand whenever an ALJ fails to conduct a function-by-function analysis." Dkt. 25 at 6 (citing *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016); *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015)). As the Recommendation notes, unlike in *Mascio*, here "the ALJ here did not ignore conflicting evidence while assessing that Plaintiff had the capacity to perform medium exertional work." Dkt. 25 at 8. Second, the Recommendation found that the ALJ's "reasoning is adequately explained to allow for meaningful review; that is, it's clear from the narrative discussion how the ALJ arrived at his decision." Dkt. 25 at 8. Judge Davis found that the ALJ's narration of how the medical evidence supports his conclusion that Plaintiff's residual function

capacity "did not identify functional limitations impacting Plaintiff's work-related abilities because the record as a whole, including medical evidence, did not identify any functional limitations." Dkt. 25 at 10.

Although Plaintiff asserts that the ALJ's finding violates the Fourth Circuit's holding in *Dowling v. Comm'r*, 986, F.3d 377 (4th Cir. 2021), that case differs from this one in several important respects. First, a central contested issue in *Dowling* was the plaintiff's ability to sit, which made that fact "critically relevant to determining her disability status." *Id.* at 389. But the ALJ never performed a functional assessment regarding Dowling's ability to sit and never explained conflicting evidence in reaching his conclusion. Moreover, the ALJ's failure to address "considerable evidence in the record" about Dowling's frequent and unpredictable bathroom breaks, which could impact her ability to work, meant that remand was appropriate in that case. Here, by contrast, the ALJ "sufficiently explained his conclusions" and "used evidence from the record to explain" the residual function capacity finding. *Ladda v. Berryhill*, 749 F. App'x 166, 172 (4th Cir. 2018). The ALJ considered the entirety of the relevant evidence related to Plaintiff's impairments, including treatment records, examination findings, medical opinions, and subjective complaints. *See* Dkt. 23 at 12-16. Furthermore, the ALJ looked to Plaintiff's medical records from treatment of Plaintiff's left knee degenerative joint disease. Though Plaintiff understandably takes issue with the ALJ's ultimate conclusion, Plaintiff has not identified any conflicting evidence in the record here that the ALJ failed to address. *See Mascio*, 780 F.3d at 638 ("The missing analysis is especially troubling because the record contains conflicting evidence as to Mascio's residual functional capacity—evidence that the ALJ did not address.").

After reviewing the record and Judge Davis's Recommendation, and upon a *de novo* review, the Court hereby APPROVES and ADOPTS the Recommendation. Dkt. 25. Accordingly,

it is hereby ORDERED that Plaintiff's Motion for Summary Judgment (Dkt. 18) is DENIED; and it is

FURTHER ORDERED that Defendant's Motion for Summary Judgment (Dkt. 22) is GRANTED; and it is

FURTHER ORDERED that the Clerk of the Court update the docket to reflect that Kilolo Kijakazi, Acting Commissioner of Social Security, has been automatically substituted for Andrew Saul as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d); and it is

FURTHER ORDERED that this matter is dismissed.

The Clerk is directed to enter judgment in favor of Defendant pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

It is SO ORDERED.

Alexandria, Virginia
March 30, 2022

/s/
Rossie D. Alston, Jr.
United States District Judge

4